| | |
|---|---|
| 1 | Christopher Lovrien (State Bar No. 230546) |
| | Haley McIntosh (State Bar No. 229687) |
| 2 | Liat L. Yamini (State Bar No. 251238) |
| | cjlovrien@jonesday.com |
| 3 | JONES DAY |
| | 555 South Flower Street |
| 4 | Fiftieth Floor |
| | Los Angeles, CA  90071.2300 |
| 5 | Telephone:  213.489.3939 |
| | Facsimile:   213.243.2539 |
| 6 | |
| 7 | Dana Baiocco (will apply *pro hac vice*) |
| | Christopher M. Morrison (will apply *pro hac vice*) |
| 8 | dbaiocco@jonesday.com |
| | JONES DAY |
| 9 | 100 High Street |
| | Boston, MA  02110.1781 |
| 10 | Telephone:  617.960.3939 |
| | Facsimile:   617.449.6999 |
| 11 | |
| 12 | Attorneys for Defendants |
| | Vibram USA Inc. and Vibram FiveFingers LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SAFAVI, on behalf of Himself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>Defendant. | Case No. CV12-5900-ABC (JCGx)<br><br>Assigned to the Honorable Audrey B. Collins<br><br>**DEFENDANTS VIBRAM USA INC. AND VIBRAM FIVEFINGERS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS, STAY OR TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        October 15, 2012<br>Time:        10 a.m.<br>Courtroom: 680 |

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT ON October 15, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 680 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, 90012, Defendants Vibram USA Inc. and Vibram FiveFingers LLC (collectively, the "Defendants") will and hereby do move the Court to dismiss, stay or transfer this action to the District of Massachusetts, site of *Valerie Bezdek, individually, and on behalf of all others similarly situated v. Vibram USA Inc. and Vibram FiveFingers LLC*, No. 12-10513-DPW (D. Mass. March 21, 2012) ("*Bezdek* Action"), pursuant to the "first to file" rule. Defendants alternatively move to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any Reply Memorandum, the pleadings and Court record in this action, and any such arguments and authorities as may be presented at or before the hearing on this Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 of the Central District of California which took place on August 17, 2012, and in subsequent communications.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case is a copy-cat consumer class action case. Plaintiff Ali Safavi ("Plaintiff") and his attorneys filed this lawsuit against Defendants Vibram USA Inc. and Vibram FiveFingers LLC (collectively "Defendants") nearly four months after the same attorneys filed a very similar, and in some cases, nearly identical consumer class action lawsuit in the District of Massachusetts. Both complaints name Vibram USA Inc. and Vibram FiveFingers LLC as defendants, and the claims in both actions are based on the same allegedly deceptive advertising campaign. The language in the majority of the paragraphs of both complaints is, in fact, identical. Significantly, the Plaintiffs in both actions (and their overlapping counsel) seek to represent overlapping classes of allegedly aggrieved consumers.

Pursuant to the "first-to-file rule," the action filed here in California should be dismissed, stayed, or transferred to the District of Massachusetts, where the first-filed action is and has been pending. Alternatively, the Court should transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses, and in the interest of justice.

## II.   BACKGROUND

Defendants manufacture and sell FiveFingers minimalist shoes ("FiveFingers"). The subject matter of this (and the Massachusetts action) pertains to statements and representations included in Vibram's advertisement campaign for FiveFingers shoes. The first-filed lawsuit, captioned *Valerie Bezdek, individually, and on behalf of all others similarly situated v. Vibram USA Inc. and Vibram FiveFingers LLC*, No. 12-10513-DPW (D. Mass. March 21, 2012) ("*Bezdek*" or "*Bezdek* Action") was originally filed on March 21, 2012, and is currently pending in the United States District Court, District of Massachusetts.[1]

---

[1] *See* Declaration of Liat Yamani ¶ 2 (attaching *Bezdek* complaint).

1  Defendants moved to dismiss the *Bezdek* Action on June 4, 2012, pursuant to
2  Fed. R. Civ. P. Rules 12(b)(6) and 9(b).  However, rather than respond to the
3  substance of that motion, Bezdek filed an amended complaint on June 25, 2012.[2]
4  Defendants responded again with a motion to dismiss challenging many of the same
5  defects that existed in the original complaint.  That motion is pending.

6  In an apparent attempt to forum shop, Bezdek's attorneys, on behalf of a
7  different named Plaintiff, initiated this California action ("*Safavi*" or "*Safavi*
8  Action") by filing a complaint that mimics the amended *Bezdek* complaint.  Both
9  the *Bezdek* and the *Safavi* actions seek to represent overlapping classes of
10 consumers,[3] who claim that the Defendants engaged in deceptive practices arising
11 out of their in advertisements of FiveFingers shoes.  While the complaints raise
12 differing causes of action,[4] they are substantively similar and seek redress for the
13 same allegedly misleading and deceptive statements.[5]

14 Against this backdrop, Defendants move to dismiss, stay, or transfer this case

---

[2] *See* Declaration of Liat Yamani ¶ 3 (attaching amended *Bezdek* complaint).

[3] In *Safavi,* the plaintiff seeks to represent "a Class of all others similarly situated consisting of all persons in California who purchased FiveFingers running shoes from the time they were first sold in California until notice is disseminated to the Class." *Safavi* Complaint ¶ 57.  In the *Bezdek,* the plaintiff seeks to represent "all persons in the United States who purchased FiveFingers running shoes during the period from March 21, 2009 until notice is disseminated to the Class." *Bezdek* Complaint ¶ 57.

[4] The *Safavi* complaint alleges violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq., and breach of express warranty.  The *Bezdek* complaint alleges violations of untrue and misleading advertising under Mass. Gen. Laws ch. 266 § 91, violations of unfair and deceptive conduct in violation of M.G.L., c.93A, § 2, violations of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, et seq., and unjust enrichment.

[5] Both complaints allege, for example:

> Defendants have reaped millions of dollars in profits by leading consumers to believe that there is reliable scientific data backing up their claims that wearing FiveFingers, *inter alia,* strengthen muscles and reduce the risk of injury.  Reasonable consumers would not have paid the amounts charged for FiveFingers, or would not have purchased FiveFingers at all, had they known the truth about FiveFingers:  that there is no scientific evidence supporting Defendants' major health benefit claims.

*Safavi* Complaint ¶ 56; *Bezdek* Complaint ¶ 56.

1  to the District of Massachusetts, the place where the first-filed *Bezdek* Action is
2  pending.

### III. AS THE SECOND-FILED ACTION, THIS CASE SHOULD BE DISMISSED, STAYED, OR TRANSFERRED TO THE SITE OF THE FIRST-FILED ACTION, PURSUANT TO THE "FIRST TO FILE" RULE

The "first-to-file" rule ("Rule") is a "generally recognized doctrine of federal comity" that allows a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted).  The Rule "serves the purpose of promoting efficiency and should not be disregarded lightly." *Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979).

In applying the Rule, courts look to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter*, 678 F.2d at 95).  In putative class actions, the proposed classes, and not the class representatives, are compared.  *See Herman v. Yellowpages.Com, LLC,* Nos. 10cv0195 JAH (AJB), 2011 WL 1615174 (March 29, 2011 S.D. Cal.) (comparing classes, not class representatives, in transferring case pursuant to first-to-file rule); Cal. Jur.3d Actions § 284 (citing to *Gamble v. San Diego*, 79 Fed. 487 (C.D. Cal. 1897)).  "[C]ourts generally do not require identical issues or parties so long as the actions involve closely related questions or [a] common subject matter." *Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252 CRB, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002); *see also Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (noting that sameness requirement is satisfied if two actions are not identical but "substantially similar"); *Jumapao v. Washington Mut. Bank, F.A.*, No. 06-CV-2285 W (RBB), 2007 WL 4258636, at *2 (S.D. Cal.  Nov. 30, 2007) ("Substantial similarity exists

1 where two cases rest on identical factual allegations and assert identical or
2 analogous claims."); *Dumas v. Major League Baseball Properties, Inc.*, 52 F. Supp.
3 2d 1183, 1189 (S.D. Cal. 1999), *vacated on other grounds*, 104 F. Supp. 2d 1220
4 (S.D. Cal. 2000), *aff'd* 300 F.3d 1083 (9th Cir. 2002) (citation omitted) ("The 'first-
5 to-file' rule requires only sufficient similarity of issues to be applied" and holding
6 that the "substantial overlap" rule allows courts "to avoid the waste of duplication,
7 to avoid rulings that trench upon the authority of sister courts, and to avoid
8 piecemeal resolution of issues that call for a uniform result").
9       When a case meets the requirements of the Rule, the court has the discretion
10 to transfer, stay, or dismiss the action. *See Alltrade, Inc.*, 946 F.2d at 628-29.
11 Courts in the Central District of California routinely decline to exercise jurisdiction
12 and apply the Rule in appropriate cases like this one. *See Puri v. Hearthside Food*
13 *Solutions, LLC*, No. CV 11-8675-JFW(SSx), 2011 WL 6257182, at *4 (C.D. Cal.
14 2011) (action transferred to the United States District Court for the District of
15 Oregon); *Aurora Corp. of America v. Fellowes, Inc.*, No. CV 07-8306-GHK
16 (AJWx), 2008 WL 709198, at *2 (C.D. Cal. 2008) (action transferred to the United
17 States District Court for the Northern District of Illinois).
18       In *Jumapao*, the court transferred a class action lawsuit to the Eastern District
19 of New York under the Rule after determining that both cases would require the
20 court to answer common questions of fact and law. *Jumapao*, 2007 WL 4258636,
21 at *2-3. The New York case was filed on behalf of a putative nationwide class of
22 Washington Mutual's current and former loan consultants and alleged violation of
23 the FLSA and state laws, whereas the California case was filed on behalf of a
24 putative class of current and former loan consultants who alleged violations of the
25 FLSA and various California statutes. *Id.* at *1. The court held that the parties
26 were substantially similar because both cases were filed against the same defendant
27 and involved classes of current and former loan consultants. *Id.* at *2.
28       These cases demonstrate that the *Safavi* should be dismissed, stayed, or

transferred pursuant to the Rule in favor of the first-filed action. Because the first-filed *Bezdek* Action involves substantially the same parties and issues, this Court should invoke the Rule and decline jurisdiction.

### A. The *Bezdek* Action is the First-Filed Action

It is indisputable that the *Bezdek* Action was filed before *Safavi*. The original complaint in the *Bezdek* Action was filed on March 21, 2012, nearly four months before the complaint in this action was filed. Indeed, even the Amended Complaint in the *Bezdek* action precedes the Complaint here. As such, the first factor of the Rule is satisfied.

### B. The Parties in *Safavi* and *Bezdek* Are Substantially Similar

Like the actions in *Jumapao*, the actions at issue involve the same exact defendants – Vibram USA Inc. and Vibram FiveFingers LLC – and involve similar and related putative classes – consumers of Vibram FiveFingers shoes. In fact, there is substantial overlap between the two putative classes. A comparison of the proposed class definitions for the two actions is just one example of their similarity:

| *Safavi* Action | *Bezdek* Action |
|---|---|
| " all persons in California who purchased FiveFingers running shoes from the time they were first sold in California until notice is disseminated to the Class" *Safavi* Compl. ¶ 57. | "all persons in the United States who purchased FiveFingers running shoes during the period from March 21, 2009 until notice is disseminated to the Class" *Bezdek* Compl. ¶ 57 |

As defined, both putative classes encompass California purchasers of FiveFingers "running shoes" from March 21, 2009 to an uncertain date when "notice is disseminated to the Class." As such, the proposed class in this action would be subsumed by that in the *Bezdek* Action, if certified. Therefore, application of the Rule is appropriate here.

### C. The Issues In The Actions Are Substantially Similar

This action and the *Bezdek* Action are both consumer class actions involving closely related questions and the same subject matter. According to both named

Plaintiffs, at the core of both actions is a dispute about the same "scheme" of representations and statements contained in Defendants' advertising of FiveFingers. Both actions are grounded in false advertising, and in both actions, plaintiffs seek the same remedies, namely, restitution, disgorgement of profits, and injunctive relief. *Compare Bezdek* Compl. at ¶¶ 27-28 (Prayer for Relief) and *Safavi* Compl. at ¶¶ 29-30 (Prayer For Relief). And, while the complaints present alleged violations of technically different state statutes, the substance of the allegations in both complaints is the same and will require adjudication and disposition of the same issues.

Allowing the actions to proceed concurrently in different districts would be a waste of judicial resources and could lead to inequitable and impractical results. If the Court decides not to dismiss this action, which it should, the Court should stay this action pending resolution (or at least until after the certification stage) of the *Bezdek* Action, or transfer this action to the same court where the *Bezdek* Action is pending.

## IV. ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted). A motion for transfer lies within the broad discretion of the District Court and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 & n.17 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Transfer is appropriate where the moving party establishes that venue is proper in the district, and that the transfer will serve the convenience

of the parties and witnesses and will promote the interests of justice. *See Cook v. Hartford,* No. CIV S-12-0019 KJM-CKD, 2012 WL 2921198, at *1 (E.D. Cal. July 17, 2012).

To prevail on a motion to transfer pursuant to § 1404(a), Defendants must first show that (1) the District of Massachusetts has subject matter jurisdiction, (2) venue is proper in the District of Massachusetts, and (3) the District of Massachusetts can exercise personal jurisdiction over defendants. 28 U.S.C. § 1404(a); *A. J. Industries, Inc. v. U.S. Dist. Court,* 503 F.2d 384, 386 (9th Cir. 1974). Here, the District of Massachusetts is a proper venue and the District Court would have personal jurisdiction over the Defendants as they maintain offices and conduct business in Massachusetts. Moreover, the District of Massachusetts also has subject matter jurisdiction on the same basis as this Court, because there is diversity between the parties and the jurisdictional amount in controversy is met. *See* 28 U.S.C. § 1332; Compl. ¶¶ 9, 11-13. As such, this case could just as easily have been brought in the District of Massachusetts.

A District Court has broad discretion to grant a motion for transfer of venue, and the decision whether to transfer is to be made based on "'an individualized, case-by-case consideration of convenience and fairness.'" *Jones*, 211 F.3d at 498 & n.17 (quoting *Stewart Org., Inc.*, 487 U.S. at 29). In evaluating a § 1404(a) transfer motion, the District Court may consider a multitude of factors. *See Jones*, 211 F.3d at 498. In this case, the pertinent factors are the promotion of judicial efficiency and reduction in the costs of litigation, the convenience of the witnesses and parties, and the location of sources of proof.

Transfer and consolidation of the *Safavi* Action with the *Bezdek* Action will promote the public interest. Relevant factors of public interest include the avoidance of the potential for inconsistent judgments and the promotion of judicial economy. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Balasanyan v. Nordstrom Inc.,* No. CV 11-05689-DDP, 2011 WL 5520051, at *1-2 (C.D. Cal.

Nov. 9, 2011).

Transferring this action to Massachusetts will allow for the possibility of consolidation, which will substantially reduce duplicative discovery and conserve judicial resources. Allowing this action to go forward in California would result in an unnecessary expenditure of judicial resources and would create the risk of inconsistent results—the very dangers § 1404(a) was designed to avoid. *See Schott v. Ivy Asset Mgmt. Corp.,* No. 10-CV-01562-LHK, 2010 WL 4117467, at *10 (N.D. Cal. Oct. 19, 2010) (finding that "the possibility of inconsistent rulings and the inefficiency of duplicative litigation outweigh" concerns about the inconvenience of transfer to plaintiff). Where a related lawsuit exists, "it is in the interest of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals." *Pall Corp. v. Bentley Labs, Inc.*, 523 F. Supp. 450, 453 (D. Del. 1981).[6] Importantly, this "interest in judicial economy is enough to support transfer regardless of the other factors." *Bennett v. Bed Bath & Beyond, Inc.,* No C 11-02220 CRB, 2011 WL 3022126, at *2 (N.D. Cal. July 22, 2011).

Still, even more factors weigh in favor of a transfer to Massachusetts. Defendants' principal places of business are in Massachusetts. Compl. ¶¶ 12-13. Accordingly, most party witnesses reside in Massachusetts, and Defendants' witnesses with the greatest knowledge of facts relevant to Plaintiff's claims are located in Massachusetts. Similarly, most sources of proof, including documents and other physical evidence relating to both named Plaintiffs' claims, are located in Massachusetts. "[T]he issue is the 'ease of access' to the sources of proof, not whether the evidence would be unavailable absent the transfer." *Saleh v. Titan*

---

[6] *See also, e.g., Ricoh Co. v. Honeywell, Inc.,* 817 F. Supp. 473, 487 (D. N.J. 1993) ("Transfer in such a circumstance has numerous benefits. Cases can be consolidated before one judge thereby promoting judicial efficiency; pretrial discovery can be conducted in a more orderly manner; witnesses can be saved the time and expense of appearing at trial in more than one court; and duplicative litigation involving the filing of records in both courts is avoided, thereby eliminating unnecessary expense and the possibility of inconsistent results.").

1 *Corp.*, 361 F. Supp. 2d 1152, 1166 (S.D. Cal. 2005). Given the location of these witnesses and sources of proof, the parties' litigation costs will likely be reduced by a transfer allowing consolidation of the related cases in the District of Massachusetts. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (affirming district court's decision to transfer case to the Southern District of New York when the costs of litigation would be reduced by having the case heard there).

As the Ninth Circuit has made evident, plaintiff's choice is merely "*one of several factors* a court must consider when ruling on a motion to transfer venue." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432 (1999) (emphasis added).[7] And "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou*, 834 F.2d at 739. Here, not only does Plaintiff seek to represent a class, but he is represented by the same law firms that are litigating the *Bezdek* Action, a case with a proposed class definition that would subsume this action if the case were certified. *See Wiley v. Trendwest Resorts, Inc,* No. C 04-4321 SBA*,* WL 1910934, at *5 (N.D. Cal. Aug. 10, 2005) (finding that plaintiffs' choice of forum was entitled to "very little weight" where the same attorney represented different plaintiffs in similar class actions).

Respectfully, plaintiff's choice of forum here also reflects a thinly-veiled effort to hedge the bets of plaintiffs' counsel at best, and outright forum-shopping at worst. Plaintiff's choice of forum should be given little weight for these reasons and because the aforementioned factors—including the promotion of judicial efficiency, the convenience of the witnesses and the ease of access to sources of proof—all compel transfer to the District of Massachusetts.

---

[7] *See also Zeta-Jones v. Spice House,* 372 F. Supp. 2d 568, 576 (C.D. Cal. 2005) (acknowledging that "deference should be accorded to plaintiffs' choice of forum" but still transferring the action from the Central District of California to the District of Nevada because "considerations of relative convenience to the parties and likely witnesses, availability of compulsory process, and ease of access to sources of proof" militated in favor of a transfer to Nevada).

## V. CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion and dismiss this case. In the alternative, the Court should stay this action or transfer it to the District of Massachusetts, site of the first-filed *Bezdek* Action.

Dated: August 30, 2012

JONES DAY

By: /s/ Christopher Lovrien
Christopher Lovrien

Attorneys for Defendants
VIBRAM USA INC. AND VIBRAM FIVEFINGERS